UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 MISC 0 0 3 0 1**

------------------------------------------------x
:
IN RE: :
JOINT LOCAL CIVIL RULES 5.2, 6.1, 7.1 and 37.2 :  **M10-468**
OF THE :
SOUTHERN AND EASTERN :  **ORDER**
DISTRICTS OF NEW YORK :
:
------------------------------------------------x

    On May 22, 2013, the Board of Judges of the Southern District of New York approved amendments to Joint Local Civil Rules 5.2, 6.1, 7.1 and 37.2 of the Southern and Eastern Districts of New York, as attached.

    The amendments, having been posted for public comment and having been approved by the Judicial Council of the Second Circuit, hereby take effect on September 3, 2013.

    **SO ORDERED.**

_____
Loretta A. Preska
Chief Judge

Dated:    New York, New York
           August 21, 2013

g:\elly\rules\orders\2013 - 5.2, 6.1, 7.1 and 37.2 of SD-EDNY - Aug.wpd

EXISTING LOCAL CIVIL RULES WITH CHANGES
RECOMMENDED BY THE JOINT COMMITTEE


**Local Civil Rule 5.2. Electronic Service and Filing of Documents, Letters, and Orders**

(a) Parties serving and filing papers shall follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court.  A paper served and filed by electronic means in accordance with such instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York.
    **(b)  Subject to the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, letter-motions permitted by Local Civil Rule 7.1(d) and letters addressed to the Court (but not letters between the parties) may be filed via ECF.**
    **(c) Parties have an obligation to review the Court's actual order, decree, or judgment (on ECF), which controls, and should not rely on the description on the docket or in the ECF Notice of Electronic Filing (NEF).**
                                    **2013 COMMITTEE NOTE**
    Recommended new Local Civil Rule 5.2(b) would authorize the filing of letter-motions and letters to the Court by ECF.  ECF filing of letters to the Court is already required by the ECF instructions in the Eastern District of New York, and in the Southern District of New York this Local Rule amendment would authorize (but not require) ECF filing of letters to the Court that generally now are accepted by judges in the Southern District of New York.  Allowing such letters to be filed will improve the record on appeal in cases where an appeal is taken, and will allow the press and the public to follow more fully what is happening in pending cases. Recommended Local Civil Rule 5.2(b) does not authorize the filing of letters exchanged between the parties.
    Parties should remember to review the Individual Judge's Practices for any pertinent restrictions on the filing of letters or letter-motions, such as requirements for courtesy copies and any page limitations.  Moreover, before filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions or personal information (including medical information regarding a party or counsel) that should not be in the public file, in which case the letter should be sent directly to chambers instead of via ECF, or, in the Eastern District, if chambers permits, may be filed under seal via ECF.
    Recommended new Local Civil Rule 5.2(c) reminds parties that they should review the actual order, decree, or judgment of the Court on ECF, rather than relying upon the description of the order, decree, or judgment on the docket or in the ECF Notice of Electronic Filing, which is often just a short summary of a more detailed order.

**Local Civil Rule 6.1.  Service and Filing of Motion Papers**
    **Except for letter-motions as permitted by Local Civil Rule 7.1(d), and u**[U]nless otherwise provided by statute or rule[,] or [unless otherwise ordered] by the Court in a Judge's Individual Practice or in a direction in a particular case, upon any motion, the notice of motion, supporting affidavits, and memoranda shall be served and filed as follows:
    (a) On all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive and 45(c)(3), (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers, and (3) any reply affidavits and reply memoranda of law shall be served within

two days after service of the answering papers. In computing periods of days, refer to Fed. R. Civ. P. 6 and Local Civil Rule 6.4.

(b) On all civil motions, petitions, and applications, other than those described in Rule 6.1(a), and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers, and (3) any reply affidavits and memoranda of law shall be served within seven days after service of the answering papers. In computing periods of days, refer to Fed. R. Civ. P. 6 and Local Civil Rule 6.4.

(c) The parties and their attorneys shall only appear to argue the motion if so directed by the Court by order or by a Judge's Individual Practice.

(d) No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

### 2013 COMMITTEE NOTE

This is a conforming amendment designed to bring Local Civil Rule 6.1 into conformity with recommended new Local Civil Rule 7.1(d), which authorizes letter-motions in the case of certain non-dispositive matters.

### Local Civil Rule 7.1. Motion Papers

(a) Except **for letter-motions as permitted by Local Civil Rule 7.1(d) or** as otherwise permitted by the Court, all motions shall include the following motion papers:

(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;

(2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and

(3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

(b) Except **for letter-motions as permitted by Local Civil Rule 7.1(d) or** as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above, and an opposing party who seeks relief that goes beyond the denial of the motion shall comply with Local Civil Rule 7.1(a)(1) above.

(c) Unless otherwise ordered by the District Judge to whom the appeal is assigned, appellate briefs on bankruptcy appeals shall not exceed 25 pages and reply briefs shall not exceed 10 pages.

**(d) Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-motion filed via ECF pursuant to Local Civil Rule 5.2(b).**

### 2013 COMMITTEE NOTE

Local Civil Rule 7.1(d) would authorize the use of letter-motions for applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters. Pursuant to recommended Local Civil Rule 5.2(b), such letter-motions may be filed by ECF.

The use of letter-motions is intended to follow existing practice in which counsel request certain non-dispositive relief by letter. Using a letter-motion instead of a letter will ensure that the Court is aware that relief is requested (as distinguished from, for example, a status update letter where no relief is requested). Local Civil Rule 7.1(d) is not intended to expand the types of motions that can be made by letter-motion. For example, motions to dismiss or motions for summary judgment may not be made by letter-motion.

Parties should remember to review the Individual Judge's Practices for any pertinent restrictions on the filing of letter-motions, such as requirements for courtesy copies and any page limitations.

## Local Civil Rule 37.2. Mode of Raising Discovery Disputes With the Court (Southern District Only)

No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-**motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices)** and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

### 2013 COMMITTEE NOTE

This amendment would make clear that the request to the Court required by Local Civil Rule 37.2 shall now be made by letter-motion as authorized by Local Civil Rule 7.1(d), instead of by letter as before, without any substantive change in practice.